UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

WILLIAM PAYNE,

    Petitioner,

v.

UNITED STATES ATTORNEY
GENERAL, *et al.*,

    Respondents.

Civil Action No. 0:11-00035-HRW

**MEMORANDUM OPINION
AND
ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiff William Payne, confined in the satellite camp at the Federal Correctional Institution in Ashland, Kentucky, ("FCI-Ashland") has filed a *pro se* petition seeking a Writ of Mandamus, pursuant to 28 U.S.C. § 1651, against (1) the United States Attorney General; (2) the Director of the Bureau of Prisons ("BOP"); and (3) the Warden of the prison camp at FCI-Ashland, requesting that these Respondents be ordered to give him credit on his sentence for time spent under home confinement prior to trial. Payne has been granted pauper status and has paid the initial partial filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut*

v. *State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Since Payne is proceeding *pro se*, the petition is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

## DISCUSSION/ANALYSIS

A. <u>Mandamus relief unavailable</u>

Payne seeks mandamus relief in this proceeding under the All Writs Act, codified at 28 U.S.C. § 1651, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, that statute controls, not the All Writs Act. *Carlisle v. United States*, 517 U.S. 416, 429 (1996); *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985).

In other words, the All Writs Act is not an independent grant of jurisdiction to a court, but permits the issuance of writs in aid of the jurisdiction which a court independently possesses. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28

(2002); *Tropf v. Fidelity Nat. Title Ins., Co.*, 289 F.3d 929, 943 (6th Cir.2002) (holding that federal courts must have an independent basis for subject matter jurisdiction in order to issue a writ under § 1651). For the reasons stated below, the Court concludes that mandamus relief under §1651 is unavailable because the relief Payne seeks, credit on his federal sentence for time spent in home confinement prior to trial, is relief available under another statute, 28 U.S.C. § 2241.

Payne also relies on 28 U.S.C. § 1361, the Mandamus Act. His reliance on that statutory authority is equally misplaced. The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir.1992); *see also Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir.1998). Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. *In re Nwanze*, 242 F.3d 521, 524 (3rd Cir.2001).

In order to avail himself of relief under the Mandamus Act, Payne would have to establish three things: (1) that he has a clear right to the relief he seeks (credit on

his sentence for time spent in home confinement prior to trial); (2) that the respondent has a nondiscretionary duty to respond to this claim; and (3) that he has no other adequate remedy. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy). Payne can not make that showing because 28 U.S.C. § 2241 provides an available, adequate remedy for asserting this claim.

Because neither § 1651 nor § 1361 confers an independent basis for jurisdiction, Payne cannot establish relief under either statute. Thus, he has not established grounds warranting mandamus or other forms of emergency injunctive relief from this Court. His petition seeking a writ of mandamus will therefore be denied.

B. <u>Avenue for relief would be in habeas corpus petition under 28 U.S.C. § 2241</u>

Payne claims that he is entitled to credit on his sentence for time spent under home confinement, as a pre-trial detainee, prior to trial. Essentially, he is seeking additional credit on his federal sentence.

A prisoner may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164,

4

166 (10th Cir. 1996); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). If the petitioner challenges the execution of his sentence, he should file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

In his purported petition for a writ of mandamus, Payne is challenging the manner in which his federal sentence is being executed, as he is entitled to additional credit on his sentence or that the BOP has otherwise erred in calculating his release date. Therefore, even though Payne entitled his petition as a mandamus petition filed under 28 U.S.C. §§ 1361 and 1651, rather than one falling under 28 U.S.C. § 2241, given the nature of his claims, his petition is actually a petition for a writ of habeas corpus authorized by 28 U.S.C. § 2241. The Court will construe this matter as a habeas corpus petition filed under 28 U.S.C. § 2241, and the Clerk of the Court will be directed to amend the docket sheet to reclassify this action as a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241.

C. <u>Exhaustion of administrative remedies</u>

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the available administrative remedies within the BOP before filing a petition seeking habeas corpus

relief pursuant to Section 2241. *See, e.g., Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curium); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curium). The exhaustion doctrine promotes a number of desirable goals including filtering out frivolous claims and developing a full and complete factual record. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP's Administrative Remedy Program, a three-tier process, is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement," except tort claims, inmate accident compensation claims, and Freedom of Information or Privacy Act requests. *See* 28 C.F.R. §§ 542.10, 542.12(b). To exhaust an administrative remedy, an inmate must initially attempt to informally resolve the issue with staff by submitting a BP-8. *See* 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within 20 days of the date on which the basis for the request occurred, or within any extension permitted. *See* 28 C.F.R. 542.14.

The Warden is required to respond to a BP-9 request within 20 calendar days, but the inmate "may consider the absence of a response" within 20 days or 40 days,

if the inmate has been informed in writing of the need for an extension, to be a denial. *Id.* An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15(a). The inmate may appeal to the General Counsel on a BP-11 within 30 days of the date the Regional Director signed the response. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.*

In his mandamus petition, Payne makes reference to Administrative Remedy No. 593416-A1; thus, it appears that he has at least begun the administrative remedy process. However, Payne did not attach a copy of this Administrative Remedy to his petition, and he did does not state whether he exhausted the BOP's administrative remedy process described above prior to filing his petition. Thus, at this juncture, due to the absence of this information, the Court is unable to determine whether Payne has exhausted his administrative remedies concerning this matter.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Petitioner William Payne's request for the mandamus relief detailed in his *pro se* "Petition For Writ of Mandamus" is **DENIED**.

(2) The Court construes Payne's "Petition For Writ of Mandamus," as a habeas corpus petition filed under 28 U.S.C. § 2241.

(3) The Clerk of the Court is directed to amend the docket sheet in this case to reclassify this action as a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241.

(4) Petitioner William Payne is requested to submit the following documents within twenty (20) days of the date of the entry of this Order:

(A) a copy of his BP-9 "Request for Administrative Remedy" filed with the Warden of FCI-Ashland as to Administrative Remedy No. 593416-A1 referenced in his petition;

(B) copies of the Warden's responses to any BP-9 submitted;

(C) copies of his BP-10 Appeal to the BOP Mid-Atlantic Regional Office ("MARO") as to Administrative Remedy No. 593416-A1 referenced in the petition;

(D) copies of the MARO's responses to any BP-10 submitted;

(E) copies of his BP-11 appeal to the BOP Office of General counsel as to Administrative Remedy No. 593416-A1 referenced in the petition; and,

(F) copies of the BOP Office of General counsel's response to any BP-11 appeal submitted.

(5) Failure to submit the documents specified in the preceding paragraph within twenty days of the date of entry of this Order will result in dismissal of this

case for want of prosecution;

(6) Payne is instructed to keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case; and,

(7) The Clerk of the Court is directed to submit the record upon either: (a) the filing of the administrative remedy documents specified above, or (b) the expiration of twenty-five (25) days from the date of entry of this Order, whichever shall occur first.

This the 6th day of October, 2011.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge