UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

WILLIAM PAYNE,

    Petitioner,

v.

UNITED STATES ATTORNEY
GENERAL, *et al.*,

    Respondents.

Civil Action No. 0:11-00035-HRW

**MEMORANDUM OPINION
AND
ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Petitioner William Payne ("Payne"), an individual confined in the satellite camp at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has submitted a habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, and has paid the filing fee. Payne challenges the amount of jail time credit the Bureau of Prisons ("BOP") has given him on his federal sentence [R. 2], claiming that he is entitled to additional credit on his federal sentence for the period of time while he was released on bail under "home confinement" from October 16, 2006, through May 12, 2008.

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254

Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face thereof that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## CLAIMS

As grounds for his § 2241 petition, Payne asserts that the BOP improperly denied him credit on his federal sentence from October 16, 2006, through May 12, 2008, after he had been released on bail under certain conditions prior to self-reporting to his designated institution following his sentencing hearing on April 18, 2008. Payne claims that due to the restrictions imposed by the court, he was similarly situated to a post-sentencing detainee and that the BOP's failure to credit his sentence for this period of time spent under "home detention" prior to sentencing violates the "equal protection" component of the Fifth Amendment due process clause of the United States Constitution.

Upon review of this matter, the Court concludes that Payne is not entitled to any additional jail time credit and will dismiss his § 2241 petition. The rationale for this decision is set out below.

2

## DISCUSSION/ANALYSIS

In *Reno v. Koray*, 515 U.S. 50 (1995), the habeas petitioner sought a writ of habeas corpus, claiming that he was entitled to credit toward his sentence for time he had spent in a community treatment center while released on bail. The trial court denied his petition, but the Third Circuit Court of Appeals reversed. The United States Supreme Court granted certiorari to resolve conflicting decisions among the Courts of Appeals on this matter and reversed and remanded, concluding that time spent by a prisoner at a community treatment center while "released" on bail, pursuant to the Bail Reform Act of 1984 was not "official detention."

The *Reno* Court began its analysis of the issue before it, as follows:

> Title 18 U.S.C. § 3585(b) provides that a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Before the commencement of respondent's federal sentence, a Federal Magistrate Judge "released" him on bail pursuant to the Bail Reform Act of 1984 and ordered him confined to a community treatment center. The question presented is whether respondent was in "official detention," and thus entitled to a sentence credit under § 3585(b), during the time he spent at the treatment center.

515 U.S. at 52.

The *Reno* reviewed the complete statute, 18 U.S.C. § 3585, not just 18 U.S.C. § 3585(b) in isolation, stating that:

3

Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

"Calculation of a term of imprisonment

"(a) COMMENCEMENT OF SENTENCE.-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

"(b) CREDIT FOR PRIOR CUSTODY.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences-

"(1) as a result of the offense for which the sentence was imposed; or

"(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

"that has not been credited against another sentence." 18 U.S.C. § 3585 (emphasis added).

In *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 1355-1356, 117 L.Ed.2d 593 (1992), we specifically noted Congress' use of the term " 'official detention' " in § 3585(b), but we had no occasion to rule on the meaning of that term. We must do so today. (Footnote omitted).

515 U.S. at 55.

In arriving at the meaning of the term "official detention," the *Reno* Court continued its analysis, as follows:

> Section 3585(b) provides credit for time "spent in official detention *prior to the date the sentence commences*," 18 U.S.C. § 3585(b) (emphasis added), thus making clear that credit is awarded only for presentence restraints on liberty. Because the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, is the body of law that authorizes federal courts to place presentence restraints on a defendant's liberty, see § 3142(a) (authorizing courts to impose restraints on the defendant "pending trial"); § 3143(a) (authorizing courts to impose restraints while the defendant "is waiting imposition or execution of sentence"), the "official detention" language of § 3585(b) must be construed in conjunction with that Act. This is especially so because the Bail Reform Act of 1984 was enacted in the same statute as the Sentencing Reform Act of 1984, of which § 3585 is a part. See *Gozlon-Peretz v. United States*, 498 U.S. 395, 407-408, 111 S.Ct. 840, 848-849, 112 L.Ed.2d 919 (1991) ("It is not uncommon to refer to other, related legislative enactments when interpreting specialized statutory terms," since Congress is presumed to have "legislated with reference to" those terms).
>
> The Bail Reform Act of 1984 provides a federal court with two choices when dealing with a criminal defendant who has been "charged with an offense" and is awaiting trial, 18 U.S.C. § 3142(a), or who "has been found guilty of an offense and ... is awaiting imposition or execution of sentence," 18 U.S.C. § 3143(a)(1) (1988 ed., Supp. V). The court may either (1) "release" the defendant on bail or (2) order him "detained" without bail. A court may "release" a defendant subject to a variety of restrictive conditions, including residence in a community treatment center. See §§ 3142(c)(1)(B)(i), (x), and (xiv). If, however, the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," § 3142(e), the court "shall order the detention of the person," *ibid.*, by issuing a "detention order" "direct[ing] that the person be committed to the custody of the

5

Attorney General for confinement in a corrections facility," § 3142(i)(2). Thus, under the language of the Bail Reform Act of 1984, a defendant suffers "detention" only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions, as respondent was, is "released." See *Dawson v. Scott*, 50 F.3d 884, 889-890, and nn. 11-12 (CA11 1995); *Moreland v. United States*, 968 F.2d 655, 659-660 (CA8), *cert. denied*, 506 U.S. 1028, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992); 968 F.2d, at 661-663 Loken, J., concurring); *United States v. Becak*, 954 F.2d 386, 388 (CA6), cert. denied, 504 U.S. 945, 112 S.Ct. 2286, 119 L.Ed.2d 211 (1992).

. . .

Section 3585(a) and related sentencing provisions confirm this interpretation. Section 3585(a) provides that a federal sentence "commences" when the defendant is received for transportation to or arrives at "the official detention facility at which the sentence is to be served." Title 18 U.S.C. § 3621, in turn, provides that the sentenced defendant "shall be committed to the custody of the Bureau of Prisons," § 3621(a), which *"may designate any available penal or correctional facility* ..., whether maintained by the Federal Government or otherwise ..., that the Bureau determines to be appropriate and suitable," § 3621(b) (emphasis added). The phrase "official detention facility" in § 3585(a) therefore must refer to a correctional facility designated by the Bureau for the service of federal sentences, where the Bureau retains the discretion to "direct the transfer of a prisoner from one penal or correctional facility to another." § 3621(b).

515 U.S. at 56-58.

The *Reno* Court also considered the context and history of § 3585(b), as well as the BOP's interpretation of that statute:

The Bureau, as the agency charged with administering the credit statute, see *Wilson, supra*, at 334-335, 112 S.Ct., at 1354-1355, likewise has interpreted § 3585(b)'s "official detention" language to require credit

6

for time spent by a defendant under a § 3142(e) "detention order," but not for time spent under a § 3142(c) "release order," no matter how restrictive the conditions. As we have explained, see *supra*, at 2024-2026, the Bureau's interpretation is the most natural and reasonable reading of § 3585(b)'s "official detention" language. It is true that the Bureau's interpretation appears only in a "Program Statemen[t]"-an internal agency guideline-rather than in "published regulations subject to the rigors of the Administrative Procedur[e] Act, including public notice and comment." 21 F.3d, at 562. But BOP's internal agency guideline, which is akin to an "interpretive rule" that "do[es] not require notice and comment," *Shalala v. Guernsey Memorial Hospital*, 514 U.S. 87, 99, 115 S.Ct. 1232, 1239, 131 L.Ed.2d 106 (1995), is still entitled to some deference, *cf. Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 157, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991), since it is a "permissible construction of the statute," *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

515 U.S. at 59-61.

In the final analysis, in *Reno v. Koray*, *supra*, the Supreme Court held that Koray's time spent at a community treatment center while "released" on bail pursuant to the Bail Reform Act of 1984 was not "official detention" within the meaning of 18 U.S.C. § 3585(b); thus, Koray was not entitled to a credit against his sentence for this period of time.

The holding in *Reno v. Koray* is equally applicable and controlling in the present case. Payne was released on bail. Therefore, Payne was not in "official detention" within the meaning of 18 U.S.C. § 3585(b), regardless of the restrictions

7

imposed by the release order, and is not entitled to any credit on his sentence for the period for which he seeks credit.

## CONCLUSION

For the foregoing reasons, Payne's habeas petition filed pursuant to 28 U.S.C. § 2241 is without merit.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The petition filed by William Payne for a for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**;

2. This action will be **DISMISSED** and **STRICKEN** from the active docket; and,

3. Judgment shall be entered contemporaneously with this Order in favor of the Respondents.

This the 29th day of November, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge